United States Bankruptcy Court
Southern District of Mississippi

In re: Case No. 25-01041-JAW
Adriane Christine Calcote Chapter 13
Cameron Dwayne Hambrick
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0538-3     User: mssbad     Page 1 of 2
Date Rcvd: Jul 16, 2025     Form ID: pdf012     Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol**     **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 18, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Adriane Christine Calcote, Cameron Dwayne Hambrick, 583 Old Jackson Rd. Apt 114, Canton, MS 39046-9339 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 18, 2025     Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 16, 2025 at the address(es) listed below:

**Name**     **Email Address**

Thomas Carl Rollins, Jr
    on behalf of Joint Debtor Cameron Dwayne Hambrick trollins@therollinsfirm.com
    jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

Thomas Carl Rollins, Jr
    on behalf of Debtor Adriane Christine Calcote trollins@therollinsfirm.com
    jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

Torri Parker Martin
    tpm@tpmartinch13.com trusteeMSSB2H@ecf.epiqsystems.com

United States Trustee
    USTPRegion05.JA.ECF@usdoj.gov

District/off: 0538-3 User: mssbad Page 2 of 2
Date Rcvd: Jul 16, 2025 Form ID: pdf012 Total Noticed: 1
TOTAL: 4



**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: July 16, 2025**

The Order of the Court is set forth below. The docket reflects the date entered.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

In re:

**ADRIANE CHRISTINE CALCOTE**  Case No.: 25-01041- JAW
**CAMERON DWAYNE HAMBRICK**
DEBTORS.  Chapter 13

### ORDER CONFIRMING CHAPTER 13 PLAN

The debtor's plan was filed on 04/23/2025, and amended/modified by subsequent order(s) of the court, if any. The plan was transmitted to creditors pursuant to Bankruptcy Rule 3015. The court finds that the plan meets the requirements of 11 U.S.C. § 1325.

IT IS ORDERED THAT:

1. The debtor's chapter 13 plan attached hereto is confirmed.

2. The following motions are granted *(if any)*:

    a. Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims made under Rule 3012 (§ 3.2 of the plan);
    b. Motion to avoid lien pursuant to Section 522 (§ 3.4 of the plan).

3. The stay under Section 362(a) is terminated as to the collateral only and the stay under Section 1301 is terminated in all respects regarding collateral listed in Section 3.5 of the plan *(if any)*.

4. All property shall remain property of the estate and shall vest in the debtor only upon entry of discharge. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the trustee.

5. The debtor's attorney is awarded a fee in the amount of $4,000.00 of which $3,733.00 is due and payable from the estate.

*##END OF ORDER##*

| Approved: | Submitted by: |
|---|---|
| /s/ THOMAS CARL ROLLINS, JR. | /s/ Torri Parker Martin |
| THOMAS CARL ROLLINS, JR. – MSB #_____ | Torri Parker Martin |
| THE ROLLINS LAW FIRM, PLLC | Standing Chapter 13 Trustee |
| P.O. BOX 13767 | 200 North Congress Street, Suite 400 |
| JACKSON, MS 39236 | Jackson, MS 39201 |
| Phone: (601)500-5533 | Ofc: 601-981-9100 |
| e-mail: trollins@therollinsfirm.com | Fax: 601-981-1983 |
| | Email: tpm@tpmartinch13.com |

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Adriane Christine Calcote** | |
| | Full Name (First, Middle, Last) | |
| Debtor 2 | **Cameron Dwayne Hambrick** | |
| (Spouse, if filing) | Full Name (First, Middle, Last) | |
| United States Bankruptcy Court for the | SOUTHERN DISTRICT OF MISSISSIPPI | ☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. |
| Case number: | | |
| (If known) | | |

## Chapter 13 Plan and Motions for Valuation and Lien Avoidance                    12/17

### Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ■ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1    Length of Plan.**

The plan period shall be for a period of __60__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay  ~~$266.65~~  $126.00  (☐ monthly, ☐semi-monthly, ☑weekly, or ~~bi-weekly~~) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

~~TBL Security~~                    PEOPLELINK STAFFING
~~4121 Old West Rd~~             431E. COLFAX AVE.
~~Starkville MS 39759-0000~~   SOUTH BEND, IN 46617

APPENDIX D                    Chapter 13 Plan                    Page 1

Debtor **Adriane Christine Calcote**
**Cameron Dwayne Hambrick**                    Case number

$251.50
Joint Debtor shall pay ~~$266.65~~ (☐ monthly, ☐semi-monthly, ☐weekly, or ■ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**TBL Security**
**4121 Old West Rd**
**Starkville MS 39759-0000**

**2.3  Income tax returns/refunds.**

*Check all that apply*

■  Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐  Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐  Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

■  **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**Part 3:  Treatment of Secured Claims**

**3.1**  Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).

*Check all that apply.*
■  **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
*Insert additional claims as needed.*

**3.2**  Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*.

■  **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**  Secured claims excluded from 11 U.S.C. § 506.

*Check one.*
☐  **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
■  The claims listed below were either:

  (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

  (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

  These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| Cadence Bank | 2020 Ford Mustang 57432 miles | $30,325.40 ~~$29,924.00~~ | 10.00% POC FILED |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4**  Motion to avoid lien pursuant to 11 U.S.C. § 522.

*Check one.*

■  **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

Mississippi Chapter 13 Plan                         Page 2

Debtor **Adriane Christine Calcote** Case number
**Cameron Dwayne Hambrick**

**3.5** **Surrender of collateral.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3** **Attorney's fees.**

■ No look fee: **4,000.00**

| | |
|---|---|
| Total attorney fee charged: | $4,000.00 |
| Attorney fee previously paid: | $267.00 |
| Attorney fee to be paid in plan per confirmation order: | $3,733.00 |

☐ Hourly fee: $_____ . (Subject to approval of Fee Application.)

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5** **Domestic support obligations.**

■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐ The sum of $
■ **100.00** % of the total amount of these claims, an estimated payment of $ **23,106.66**
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **$1,689.04**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

Debtor **Adriane Christine Calcote**     Case number
       **Cameron Dwayne Hambrick**

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

     ■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon entry of discharge.

### Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions
     ■ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signatures:

**9.1** Signatures of Debtor(s) and Debtor(s)' Attorney

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X **/s/ Adriane Christine Calcote**         X **/s/ Cameron Dwayne Hambrick**
    **Adriane Christine Calcote**                **Cameron Dwayne Hambrick**
    Signature of Debtor 1                        Signature of Debtor 2

    Executed on    **April 23, 2025**            Executed on    **April 23, 2025**

    **583 Old Jackson Rd. Apt 114**             **583 Old Jackson Rd. Apt 114**
    Address                                   Address
    **Canton MS 39046-0000**                  **Canton MS 39046-0000**
    City, State, and Zip Code                City, State, and Zip Code

    Telephone Number                     Telephone Number

X **/s/ Thomas C. Rollins, Jr.**               Date    **April 23, 2025**
    **Thomas C. Rollins, Jr. 103469**
    Signature of Attorney for Debtor(s)
    **P.O. Box 13767**
    **Jackson, MS 39236**
    Address, City, State, and Zip Code
    **601-500-5533**                             **103469 MS**
    Telephone Number                     MS Bar Number
    **trollins@therollinsfirm.com**
    Email Address